Hon. Douglas H. White Commissioner New York State Division of Human Rights
Your counsel has requested our opinion as to whether section 73(7) of the Public Officers Law prohibits a lawyer in private practice from representing claimants on an appeal of a human rights proceeding when the same lawyer had earlier, as a Division of Human Rights attorney, represented the claimant-respondent during the hearing stage of the proceeding.
According to your letter, in 1982 Mr. Morris Silberman was employed as a full-time attorney for the Division of Human Rights. While with the Division, Mr. Silberman represented Michael Aboud and others in an administrative hearing concerning a human rights complaint against the Miller Brewing Company (Miller). In July, 1982, after a hearing before an Administrative Law Judge, an order was entered in favor of the complainants and against Miller. The order was affirmed by the New York State Human Rights Appeal Board in February, 1984. In March, 1984, Miller filed an appeal with the Appellate Division, Second Department. In the meantime, Mr. Silberman had left the Division to practice law privately in the firm of Silberman Kostrinsky. His firm has filed a notice of appearance in the appeal before the Appellate Division. You have asked whether Mr. Silberman's handling of the appeal violates Public Officers Law, § 73(7), and, if so, does the Division of Human Rights have an obligation to notify the Appellate Division of the violation. Furthermore, you have also asked whether the situation is changed if Mr. Silberman agrees in writing not to accept compensation for the services. The Division of Human Rights has postponed filing a notice of appearance or any other action in regard to the case until after the Attorney General's opinion is issued.
Section 73(7) of the Public Officers Law provides, in relevant part, as follows:
 "No person who has served as an officer or employee of a state agency shall within a period of two years after the termination of such service or employment appear before such state agency or receive compensation for any services rendered on behalf of any person, firm, corporation or association in relation to any case, proceeding or application with respect to which such person was directly concerned and in which he personally participated during the period of his service or employment * * *"
Mr. Silberman, as an attorney for the Division of Human Rights, is an ex-employee of the Executive Department, and, as such, is subject to the ethics provisions of section 73 (see 1979 Op Atty Gen 46, 48). If he allows himself to be retained by the respondents in the same human rights proceeding he handled while with the State, he will have violated the provisions of section 73(7) prohibiting ex-State employees from receiving compensation in regard to any matters they worked on while in State employ. Although Mr. Silberman is not involved in the more frequently discussed situation where the lawyer is involved in a later action brought against the State, the prohibition still applies. Section 73(7) prohibits the receipt of compensation "for any services rendered on behalf of any person, firm, corporation or association in relation to any case, proceeding or application with respect to which such person was directly concerned and in which he personally participated during the period of his service or employment". This language broadly prohibits any compensated services on such matters. It does not require that the subsequent representation be adversarial to the State.
Furthermore, in addition to constituting a literal violation of section 73(7), Mr. Silberman's representation in the immediate situation would violate the purpose and intent of section 73(7). Section 73(7) addresses the ethics problems that arise when a State employee leaves State service to work in the private sector. It is conceivable that State employees who know they are leaving State employ might, consciously or otherwise, give favorable treatment to those who may be potential employers. Surely one of the purposes of section 73(7) is to remove any doubt on the public's part as to whether actions by the officer prior to separation from State service were in the public interest. The Legislature decided to eliminate the potential for impropriety or the appearance of it by prohibiting State employees, for a period of two years after the termination of their State service, from appearing before the State agencies that employed them, or from being retained in regard to any matters they worked on in their official capacities (Public Officers Law, § 73).
The situation is different under the statute if Mr. Silberman and his firm agree not to accept compensation for representing claimants in like circumstances. A knowing and intentional violation of section 73 constitutes a misdemeanor (Public Officers Law, § 73[10]). As such, section 73 is criminal in nature and subject to strict statutory construction (Op Atty Gen 83-F20; McKinney's Statutes, § 271[a]). Because section 73 prohibits a former officer or employee from appearing before the State agency that employed him or from receipt of compensation in regard to matters worked on during his State employ, a strict construction of the section places no restraint on uncompensated matters in the latter category.
Although foregoing compensation removes Mr. Silberman from the coverage of section 73(7), he must also be cognizant that after a lawyer leaves public employment,
 "* * * he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appearance of impropriety even if none exists." (Code of Professional Responsibility, Canon 9, EC 9-3.)
Under this provision, an appearance by Mr. Silberman, even if uncompensated, could be improper. We note that the waiver of compensation does not necessarily mean that a former official has no self-interest in a private sector matter. There may be an implicit promise of compensation for future representation or the accrual of experience and good will that may be helpful in establishing a business. Even if no direct compensation is involved in the immediate case, the appearance of impropriety may be such so as to constitute a violation of EC 9-3.
The Public Officers Law does not require an agency to notify a court that one of its former officials may be in violation of section 73(7). The Division, however, clearly may do so. Although Mr. Silberman is no longer employed by the Division, his actions in this matter may involve the professional integrity of the Division. Consequently, the Division may find it advisable to notify Mr. Silberman and the Appellate Division that the potential for a violation of professional ethics exists. We also reiterate that a knowing or intentional violation of section 73(7) constitutes a misdemeanor, which would be handled by the appropriate District Attorney's Office.
We conclude that section 73(7) of the Public Officers Law prohibits a lawyer in private practice from representing claimants on an appeal of a human rights proceeding when the same lawyer had previously, as a Division of Human Rights attorney, represented the claimant-respondent during the hearing stage of the proceeding.